IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION


ANGELA AKINS                                                    PLAINTIFF


            v.                    CIVIL NO. 04-3036


JO ANNE B. BARNHART, Commissioner
Social Security Administration                                  DEFENDANT

## MEMORANDUM OPINION

Plaintiff Angela Akins brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial

review of a decision of the Commissioner of the Social Security Administration (Commissioner)

denying her claim period of disability and disability insurance benefits under the provisions of

Title II of the Social Security Act (Act).

**Procedural Background**:

The application for DIB presently before this court was filed on April 26, 2002, alleging

an inability to work since March 31, 1998, due to depression, bipolar disorder, anxiety,

fibromyalgia, right shoulder problems, left knee derangement, TMJ, asthma, irritable bowel

syndrome, bilateral carpal tunnel syndrome and seizures. (Tr. 135-137). For DIB purposes,

plaintiff's insured status expired on December 31, 2003. (Tr. 189). An administrative hearing

was held on October 23, 2003. (Tr. 37-88). Plaintiff was present and represented by counsel.

By written decision dated January 20, 2004, the ALJ found that plaintiff has an impairment or combination of impairments that are severe. (Tr. 33). However, after reviewing all of the evidence presented, he determined that plaintiff's impairments do not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 33). The ALJ found plaintiff retained the residual functional capacity (RFC) to lift and/or carry fifty pounds occasionally and twenty-five pounds frequently; to stand and/or walk about six hours in an eight-hour workday; to sit for about six hours out of an eight-hour workday; to occasionally work overhead with her dominant right arm but can frequently push and/or pull with her right upper extremity; to occasionally crouch, kneel and crawl and frequently use stairs. The ALJ further found plaintiff must have a job that allows for only incidental contact with the general public. With the help of vocational expert testimony, the ALJ found plaintiff would be able to perform her past relevant work as a cook in a nursing home, a forklift operator, a production/assembly worker in a bakery and a telemarketer.

Plaintiff appealed the decision of the ALJ to the Appeals Council. After reviewing the additional evidence submitted by plaintiff, the Appeals Council denied plaintiff's request for review of the hearing decision on May 5, 2004. (Tr. 7-10). When the Appeals Council declined review, the ALJ's decision became the final action of the Commissioner. Plaintiff now seeks judicial review of that decision. (Doc. #1). Both parties have submitted appeal briefs and this case is before the undersigned pursuant to the consent of the parties. (Doc. #'s 5,6).

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir.

AO72A
(Rev. 8/82)

2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)©. A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or

3

mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § 404.1520.

## Discussion:

The ALJ has a duty to fully and fairly develop the record. It is incumbent upon the ALJ to establish by medical evidence that the claimant has the requisite RFC and to question a claimant in detail about her abilities. To properly determine a claimant's RFC, an ALJ is "required to consider at least some supporting evidence from a [medical] professional" *See Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). The ALJ is free to disregard a treating physician; however, he must have some professional medical evidence to support the RFC determination.

In the present case, the ALJ discounted Dr. Dan Bell's, plaintiff's treating physician's, opinion that plaintiff could perform less than sedentary work and determined plaintiff could perform a wide range of medium work. We are troubled by the RFC determination because no physician, examining or non-examining, found plaintiff could perform medium work.[1] Furthermore, it appears that Dr. Christopher A. Arnold, another treating physician, reviewed Dr.

---

[1] There are two RFC assessments completed by non-examining medical consultants. A RFC assessment dated May 14, 2001, does not indicate what exterional limitations, if any, plaintiff may or may not have. (Tr. 327-333). The second RFC statement dated June 25, 2002, indicates plaintiff can perform light work. (Tr. 411-418).

4

Bell's assessment and concurred with Dr. Bell's findings.[2]   As an RFC assessment finding

plaintiff is able to perform medium work  is contrary to the evidence contained in the record, the

case must be remanded to the ALJ for further development of the record regarding plaintiff's

RFC.

On remand, the ALJ is directed to address interrogatories to the physicians who have

evaluated and/or treated plaintiff, asking the physicians to review plaintiff's medical records; to

complete a RFC assessment regarding plaintiff's capabilities during the time period in question,

and to give the objective basis for their opinions so that an informed decision can be made

regarding plaintiff's ability to perform basic work activities on a sustained basis during the

relevant time period in question.  *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986);

*Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

We are also troubled by the ALJ's failure to adequately discuss plaintiff's fibromyalgia.

Fibromyalgia involves pain in fibrous tissues, muscles, tendons, ligaments and other "white"

connective tissues.  Diagnosis is recognized by a typical pattern of diffuse fibromyalgia and non-

rheumatic symptoms, such as poor sleep, trauma, anxiety, fatigue, irritable bowel symptoms,

exposure to dampness and cold, and by exclusion of contributory or underlying diseases.  *See*

*The Merck Manual,* pp. 1369-1371 (16th Edition, 1992).  Its cause or causes are unknown, there

is no cure, and, perhaps of greatest importance to disability law, its symptoms are entirely

subjective.  There are no laboratory tests for the presence or severity of fibromyalgia.  The

principal symptoms are "pain all over," fatigue, disturbed sleep, stiffness, and—the only

---

[2]We note we consider this evidence, as it was submitted to the Appeals Council and the Appeals Council considered it before denying review.  (Tr. 7-10).  *See Riley v. Shalala*, 18 F.3d 619, 622 (8th Cir. 1994).

AO72A
(Rev. 8/82)

symptom that discriminates between it and other diseases of a rheumatic character— multiple tender spots, more precisely eighteen fixed locations on the body (and the rule of thumb is that the patient must have at least eleven of them to be diagnosed as having fibromyalgia) that when pressed firmly cause the patient who really has fibromyalgia to flinch.

We recognize that it is difficult to determine the severity of plaintiff's condition because of the unavailability of objective clinical tests. Some people may have such a severe case of fibromyalgia as to be totally disabled from working, but most do not. Michael Doherty & Adrian Jones, *Fibromyalgia Syndrome (ABC of Rheumatology)*, 310 BRITISH MED. J. 386 (1995). The question is whether the plaintiff is one of the minority, or not.

The medical evidence clearly indicates that plaintiff had been diagnosed with fibromyalgia. (Tr. 274, 306-307, 325-326). Physicians have documented plaintiff's complaints of pain, irritable bowel syndrome, sleep disturbance, fatigue and stiffness, all symptoms reasonably expected to be produced by plaintiff's fibromyalgia. However, it appears the ALJ gave little weight to the diagnosis of fibromyalgia or its debilitating effect. Contrary to the ALJ's assertion, the Eighth Circuit has held, in the context of fibromyalgia cases, that the ability to engage in activities such as cooking, cleaning, and hobbies, does not constitute substantial evidence of the ability to engage in substantial gainful activity. *Brosnahan v. Barnhart*, 336 F.3d 671, 677 (8th Cir. 2003); *See Kelley v. Callahan,* 133 F.3d 583, 588-89 (8th Cir. 1998). Accordingly, plaintiff's ability to perform these tasks does not automatically render her capable of performing work.

Therefore, because the ALJ improperly discredited plaintiff's subjective complaints of pain without considering the impact of her fibromyalgia, we find that his conclusion that plaintiff

6

is not disabled is not supported by substantial evidence in the record as a whole. Accordingly, we believe remand is necessary in order to allow the ALJ to further develop the record regarding plaintiff's fibromyalgia and for a reevaluation of plaintiff's subjective complaints in light of this diagnosis. On remand the ALJ should re-evaluate plaintiff's subjective allegations in accordance with *Polaski*, 739 F.2d at 1322, specifically discussing each *Polaski* factor in the context of plaintiff's particular case.

There is also some question regarding plaintiff's mental abilities. Plaintiff was sent to see Dr. Martin T. Faitak for a consultative evaluation. (Tr. 465). After evaluating plaintiff and reviewing her test results, Dr. Faitak found plaintiff had a fair to poor ability to make most occupational, performance, personal and social adjustments. (Tr. 469-470). The ALJ appears to have given little weight to Dr. Faitak's opinion because plaintiff's responses to the MMPI-2 suggested plaintiff either had many psychopathological problems or that plaintiff tended to exaggerate the problems that she had. The ALJ also noted that two the tests indicating plaintiff had severe depression were self-administered. However, the ALJ failed to address Dr. Faitak's opinion that plaintiff "gave good effort on the tests" and that the results appeared valid. (Tr. 466). On remand we suggest that the ALJ further develop the record with regard to plaintiff's mental abilities.

Finally, on remand, the ALJ should recall the vocational expert and specifically list in a hypothetical any limitations that are indicated in the RFC assessments and supported by the evidence.

AO72A
(Rev. 8/82)

**Conclusion:**

Based on the foregoing, we hereby reverse the decision of the ALJ and remand this case for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 22nd day of August 2005.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)